**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesse M. MOORE, Defendant-Appellant.**

No. 78–1957.

United States Court of Appeals,
Tenth Circuit.

Oct. 17, 1979.

Jesse M. Moore, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Robert E. Lindsay, George L. Hastings, Jr., Attys., Tax Div., Dept. of Justice, Washington, D.C., Charles E. Graves, U.S. Atty., Cheyenne, Wyo., for plaintiff-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Jesse M. Moore was convicted by a jury of a criminal misdemeanor on three counts of failure to file an income tax return as required by section 7203 of the Internal Revenue Code. 26 U.S.C. § 7203. Timely appeal of the conviction was taken to this Court.

The contentions Moore raises on appeal are that he had no opportunity to present any evidence to the jury or acquaint the jury with his defense, sections 6012 and 7203 of the Internal Revenue Code are unconstitutionally vague, the direct graduated income tax is unconstitutional, wages from labor cannot be directly taxed because they are not income within the meaning of the Sixteenth Amendment, and the Fifth Amendment provides a defense to a charge of failure to fill out an income tax return.

The evidence at trial established that Moore had gross income of $18,788 in 1974, $7,799 in 1975, and $20,349 in 1976, which was sufficient in each year to trigger the filing requirements of section 7203. Moore did file a Form 1040 for each year, but did not attach the required W–2 statements. The returns contained no information except for the following statements: "Not over $91" on the 1974 form, and "Object: Fifth Amendment" on the 1975 and 1976 forms.

I

■ Moore first argues that he was not allowed to present any evidence to the jury or to acquaint the jury with his defense. Although Moore was acting as his own counsel and was not familiar with trial procedure, the record shows he was given full opportunity to present his case. In only one instance was Moore in any way prevented from presenting information to the jury. This was during his opening argument when the court informed him that any legal arguments he had should be made in his closing speech to the jury. Moore was always asked by the court whether he objected to evidence being introduced and whether he would like to cross-examine. He cross-examined government witnesses on two occasions. He expressly informed the court at three different times that he had no witnesses to offer. He was allowed to give his version of the law to the judge and to argue freely to the jury in closing. We conclude, therefore, that this argument is without merit.

II

■ Moore next argues that sections 6012 and 7203 of the Internal Revenue Code are unconstitutionally vague for failure to specify clearly who has to pay taxes or file returns. This argument is without merit. The language of these sections is quite clear. In the years in question section 6012(a), stated in pertinent part,

Returns with respect to income taxes ... shall be made by the following:

(1)(A) Every individual having for the taxable year a gross income of [$750] or more, except that a return shall not be required of an individual ...

(iii) who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse, is, for the taxable year, less than [$2,800 in 1974, $3,400 in 1975, $3,600 in 1976] ....

Section 7203 states in pertinent part,

Any person required under this title to pay any ... tax, or required by this title or by regulations made under authority thereof to make a return ..., ... who willfully fails to pay such ... tax, make such return, ... shall ... be guilty of a

misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

In addition, section 1 of the Internal Revenue Code declares that there is a tax imposed on every individual whose taxable income exceeds the totals set out in tables in that section.

Moore also mentions that Code section 3402 and its regulations provide for voluntary agreement to pay taxes. These provisions concern the withholding arrangements between employer and employee and do not affect the ultimate liability for payment of taxes.

### III

Moore challenges the constitutionality of the direct progressive income tax. The Supreme Court has found this tax valid under the Sixteenth Amendment. *Brushaber v. Union Pac. R.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916); *Tyee Realty Co. v. Anderson*, 240 U.S. 115, 36 S.Ct. 281, 60 L.Ed. 554 (1916). Defendant also argues that the income tax laws are unconstitutional as applied to him because wages received for labor are not "income" and so they cannot be directly taxed. The Supreme Court has defined "income" as used in the Sixteenth Amendment as "the gain derived from capital, from labor, or from both combined . . . ." *Eisner v. Macomber*, 252 U.S. 189, 207, 40 S.Ct. 189, 193, 64 L.Ed. 521 (1920). The Supreme Court cases are controlling on these issues.

### IV

Last, Moore raises a Fifth Amendment defense, claiming that his right against self-incrimination allows him to refuse to provide any information on a tax return. The Supreme Court has held the Fifth Amendment is not a defense for failing to make any tax return, *United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927), although a Fifth Amendment objection can be raised in response to a particular question on the return if the question calls for a privileged answer. *See Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). This Court held in *United States v. Irwin*, 561 F.2d 198, 201 (10th Cir. 1977), *cert. denied*, 434 U.S. 1012, 98 S.Ct. 725, 54 L.Ed.2d 755 (1978) that a tax return containing no information but a general objection based on the Fifth Amendment did not constitute a return as required by the Internal Revenue Code, and did not contain a claim sufficiently specific to invoke Fifth Amendment protection. That case is controlling here. Thus, we hold that Moore's blanket objection is not a valid claim of the Fifth Amendment.

Affirmed.