BRUCE HOLMAN AND AUDREY B. HOLMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BRUCE HOLMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holman v. Commissioner
Docket Nos. 6493-79, 6058-80.
United States Tax Court
T.C. Memo 1984-169; 1984 Tax Ct. Memo LEXIS 506; 47 T.C.M. (CCH) 1437; T.C.M. (RIA) 84169; April 3, 1984. Bruce Holman an Audrey B. Holman, Pro se. Michael J. Cooper, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Docket No.
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
6493-79
1975
$26,379
$1,319
6058-80
1976
32,985
$8,246
1,649
$1,231
Petitioners contend that their income, including certain payments for services performed by petitioner Bruce Holman (petitioner), was properly reported by a so-called family estate trust; *507 that if the income is determined to be that of petitioners rather than the trust, petitioners are entitled to additional deductions previously claimed by the trust; and that petitioners are not liable for the additions to tax determined by respondent. On brief they assert various constitutional challenges to the income tax. FINDINGS OF FACT Petitioners were residents of Colorado at the time that they filed their petitions in these concolidated cases. Petitioner is an orthodonist and, during the years in issue, was associated with the Cody Dental Group, a professional corporation, as a shareholder. On January 29, 1973, using materials purchased from Educational Scientific Publishers, petitioners established the Bruce Holman Family Trust (the trust). Petitioners, along with the mother of petitioner Bruce Holman, were names as original trustees. During the years in issue, petitioners were the sole trustees. On or about January 30, 1973, petitioner purportedly transferred all of their assets, including the services of Dr. Holman and all of the earnings resulting from those services, to the trust. In March 1973, units of beneficial interest in the trust were purportedly transferred *508 to the four children of petitioners and to Bruce Holman Education and Research Trust, with some units being retained by petitioners. Both before and after creation of the trust, petitioners made whatever decisions were necessary with regard to their business, personal, and household affairs. The trust filed Forms 1041, U.S. Fiduciary Income Tax Returns, for the years 1973, 1974, 1975, and 1976. Those returns reported certain income, including income paid by the Cody Dental Group to the trust for services performed by Dr. Holman; claimed various deductions, including amounts paid to petitioners and/or paid for expenses incurred by petitioners; and purported to distribute the net income to the beneficiaries of the trust. In January 1974, prior to filing their individual tax returns for 1973, petitioners received a letter from the Internal Revenue Service advising them that the trust would be disregarded for Federal income tax purposes. Nonetheless, petitioners filed their joint individual income tax returns for the years 1973, 1974, and 1975 and reported only certain amounts received by them from the trust, including direct payments labeled "consulting fees" and their purported *509 distributive share of trust income. For each of the years, respondent determined petitioners' income by increasing their joint income for each year by the amount of income reported by the trust and reducing such income by the amounts reported by petitioners as trust distributions and payments from the trust. In the notices of deficiency, petitioners were allowed certain itemized deductions. For the years 1973 and 1974, petitioners paid the amounts determined by respondent to be owing and filed a refund suit in the United States District Court for the District of Colorado, Civil Action No. 81-F-2057. On respondent's Motion for Summary Judgment, that action was decided adversely to petitioners [Holman v. United States, (D. Colo. March 22, 1983), 83-1 USTC par. 9295], and the decision of the district court was affirmed by the Court of Appeals for the Tenth Circuit,     F.2d     (10th Cir., Feb. 29, 1984) [84-1 USTC par. 9265]. The issues in dispute for the years 1973 and 1974 included issues in dispute in these proceedings with respect to the years 1975 and 1976. For the year 1976, petitioner filed a Form 1040 that provided no information *510 from which his tax liability could be determined. Asterisks were inserted on every line calling for information concerning income, deductions, and tax computation. In the margins of the form and attached to the form were various tax protest statements asserting purported reliance on the Fifth Amendment, misunderstanding as to the term "U.S. Dollars," and other friviolous constitutional claims. [2]
OPINION In affirming the decision of the District Court for the District of Colorado, in Holman v. United States,     F2d     (10th Cir., Feb. 29, 1984) [84-1 USTC par. 9265], the Court of Appeals for the Tenth Circuit followed prior opinions of other Circuits and of this Court, which held: that trusts virtually identical to the one in question are mere shams designed for tax avoidance purposes. See, e.g., Hanson v. Commissioner,696 F.2d 1232 (9th Cir. 1983); Schulz v. Commissioner,686 F.2d 490 (7th Cir. 1982); Vnuk v. Commissioner,621 F.2d 1318 (8th Cir. 1980); *511 Vercio v. Commissioner,73 T.C. 1246 (1980); and Wesenberg v. Commissioner,69 T.C. 1005 (1978). The court of appeals went on to state specifically that "[t]he Bruce Holman Family Estate Trust is a transparent attempt to assign the income earned by Dr. Holman. * * * The Bruce Holman Family Estate (a Trust) is a mere sham, lacking any economic substance." After carefully reviewing the opinions of the district court and of the court of appeals, in Holman v. United States,supra, as well as the evidence in this case, including the oral stipulations and exhibits, we conclude that the material facts and legal principles affecting the status of the trust are the same for the years 1975 and 1976 as for the years 1973 and 1974. Thus the doctrine of collateral estoppel is applicable, and we sustain respondent's determination that income reported by the trust during 1975 and 1976 should be reallocated to petitioners, with appropriate adjustments for income previously reported by petitioners. See Commissioner v. Sunnen,333 U.S. 591 (1948); Jones v.United States,466 F.2d 131 (10th Cir. 1972). *512 We would reach the same result in this case independently applying the legal principles to these facts. The matter of deductions involves different facts for each year and must, therefore, be independently determined. Petitioners, however, have the burden of proving that they are entitled to the deductions claimed by them. Welch v. Helvering,290 U.S. 111 (1933); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure.
As to 1975, petitioners assert that they were improperly denied deductions originally claimed on the 1975 return filed on behalf of the trust. They offered no evidence admissible to prove those deductions. Petitioners tendered the testimony of William A. Mertsching, the preparer of their 1975 return, who stated that the items appeared to him to be "proper business expenses" that were not disallowed during an audit of the trust for 1975. Testimony that merely incorporates statements on a previously filed return does not satisfy petitioners' burden of proof, however, even if the return is the subject of the proceeding before the Court. Davis v. Commissioner,674 F.2d 553 (6th Cir. 1982), *513 affg. a Memorandum Opinion of this Court; Wilkinson v. Commissioner,71 T.C. 633 (1979). Afortiori, the self-serving testimony offered by petitioners here establishes nothing. Because petitioner filed a tax protest document instead of a proper return for 1976, he did not claim any deductions on the form as filed. Nonetheless, the notice of deficiency did allow certain deductions. Petitioner did not present any evidence at trial that he is entitled to additional deductions for that year, and respondent's determination must be sustained. In their brief, petitioners seem to concede that they have failed to prove their deductions but contend that, because of their pro se status, the Court should have "attempted to correct and protect in accordance with due process." First, we note that petitioners have been represented prior to trial by at least four separate attorneys in these proceedings, none of whom was the same attorney who represented them before the District Court and the Court of Appeals. Second, due process does not require that the Court disregard rules of substance or procedure to come to the aid of one party to litigation to the disadvantage *514 of the other party. Third, petitioners' predicament is indisputably of their own making. See Schellenbarg v. Commissioner,31 T.C. 1269, 1277 (1959); Estate of Wilson v. Commissioner,2 T.C. 1059, 1086 (1943). Petitioners, apparently recognizing the futility of the family trust scheme, in their brief challenge the income tax on various other spurious grounds, including the claim that wages are not taxable income. They have persisted in making frivolous tax protest arguments despite the unbroken line of authority showing that their various positions lack merit. See., United States v. Moore,692 F.2d 95 (10th Cir, 1979, as amended Oct. 26, 1983); Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111, 1118-1122 (1983), on appeal (2d. Cir., Sept. 13, 1983). While pursuing this meritless attack on the income tax system duly enacted by Congress, they seek the benefits that, as a matter of legislative grace, have been incorporated into that system. The time has come when they must bear the consequences of their own folly. *515 The Court of Appeals for the 10th Circuit also affirmed the district court's determination that petitioners were liable for the additions to tax for negligence for 1973 and 1974. Petitioners have offered no new evidence on that issue here. In sustaining the additions to tax under section 6653(a) for 1975 and 1976, we need only reiterate what was said in Hanson v. Commissioner,696 F.2d 1232, 1234 (9th Cir. 1983), to wit, "[n]o reasonable person would have trusted this scheme to work." The format of the document filed in lieu of a return for 1976 separately justifies imposition of the additions to tax for negligence and the additions to tax for failure to file a return for that year. Thompson v. Commissioner,78 T.C. 558, 562-564 (1982); Reiff v. Commissioner,77 T.C. 1169, 1176-1181 (1981). Once deficiencies have been established, the addition to tax under section 6654(a) for underpayment of estimated tax is mandatory in the absence of certain exceptions not here applicable. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980). Decisions will be enteredfor the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Similar materials were attached to the form filed by petitioners for 1975, but the form did purport to contain information necessary to determination of petitioners' tax liability.↩