**Hugo S. SCHNEIDER and Yvonne R. Schneider, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 84–7003.**

United States District Court,
E.D. Michigan, S.D.

Sept. 28, 1984.

33 U.S.C. § 221 (1976).

1. Section 6702 of the Code provides as follows:
§ 6702. Frivolous income tax return
(a) Civil penalty. -If-

Hugo S. Schneider and Yvonne R. Schneider, pro se.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., Charles H. Fash, U.S. Dept. of Justice, Washington, D.C., for defendant.

### MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an action for a refund of a penalty imposed under 26 U.S.C. § 6702[1] for

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

filing what amounts to a "frivolous" tax return. The case is before the court on defendant's motion to dismiss, which, for the reasons stated herein, is granted.

This motion was filed on August 3, and contained a request by the government that it be ruled on without an oral hearing. Plaintiffs have failed to respond to this motion as of this date, although Local Rule 17(g) requires that such response, if any, be filed within 10 days of the filing of the motion pursuant to Local Rule 17(j). The court concludes that this motion is appropriate for ruling on the papers, without the need for an oral hearing.

### FACTS

Plaintiffs herein, husband and wife, submitted a joint return for the tax year 1982, which the government concedes was accurate in every respect. Plaintiffs refused to sign the return, however, and enclosed a note with the return, signed by both of them, stating:

I am forwarding you a list of information that you need to figure a tax. Under the Privacy Act I know that I am not re-

quired to sign anything under penalty of perjury.

In response, the IRS imposed a $500 penalty under § 6702. Plaintiff subsequently paid 15% of the penalty, and brought this action for a refund under § 6703 of the Internal Revenue Code.[2]

### DISCUSSION

Section 6702 of the Internal Revenue Code was added by Congress in the Tax Equity and Fiscal Reform Act (TEFRA) of 1982. Its purpose, as suggested by S.Rep. No. 494, 97th Cong., 2d Sess., U.S.Code Cong. & Admin.News 1982, p. 781, was to deter the filing of frivolous returns by persons who for a wide range of political, ethical, or merely pecuniary reasons sought to avoid the payment of federal income taxes. The Senate Report, at pages 277–78, describes four types of returns which the penalty established by § 6702 sought to deter. First, the penalty may be assessed when a purported return appears to be an IRS Form 1040, but contains "altered or incorrect descriptions of line items or other provisions." Second, the penalty applies with respect to a return or purported return in which "many or all of the line items

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
(2) the conduct referred to in paragraph (1) is due to—
(A) a position which is frivolous, or
(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws;
then such individual shall pay a penalty of $500.
(b) Penalty in addition to other penalties.—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

2. Section 6703 provides in pertinent part:
(c) Extension of period of collection where person pays 15 percent of penalty.—
(1) In general.—If, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in para-

graph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.
(2) Person must bring suit in district court to determine his liability for penalty.—If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700, 6701, or 6702 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceedings in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.
(3) Suspension of running of period of limitations on collection.—The running of the period of limitations provided in section 6502 on the collection by levy or by a proceeding in court in respect of any penalty described in paragraph (1) shall be suspended for the period during which the Secretary is prohibited from collection by levy or a proceeding in court.

are not filled in, except for spurious constitutional objections." Third, a return or purported return which contains insufficient information by which to calculate the tax, or contains inconsistent information, or otherwise reveals a frivolous position or a desire to impede the tax laws is subject to the penalty. Finally, the Section 6702 penalty can "be imposed against any individual filing a 'return' showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction."

The court concludes that the return filed in this case was of the third type, containing insufficient information from which to judge the substantial correctness of the self-assessment. Even though the plaintiffs submitted sufficient factual information from which their taxes could be calculated, their willful refusal to verify the information contained in the return by affixing their signatures thereon violated §§ 6061 and 6065 of the Internal Revenue Code.[3] Such unsigned returns are invalid and cannot be processed by the Internal Revenue Service, *United States v. Moore*, 627 F.2d 830, 834 (7th Cir.1980); *Cupp v. Commissioner*, 65 T.C. 68, 78–79 (1975). Further, such a refusal to file the return constitutes the filing of a frivolous return, *see Silman v. Commissioner*, 84–2 U.S. T.C., ¶ 9557 (S.D.1984); *Borgeson v. United States*, 84–2 U.S.T.C. ¶ 9573.

The requirement that a taxpayer must sign his or her return and thereby attest, under penalty of perjury, to the veracity of the information submitted is not empty form. The perjury penalty constitutes a legitimate and important deterrent to the filing of false returns. The federal government relies heavily upon the self-assessment by the taxpayers to determine the amount of revenues it will collect. Because of limited resources, the Internal Revenue Service is unable to conduct a full-scale investigation into the accuracy of every return. This limited ability to assure compliance with the self-assessment procedures mandated by the Internal Revenue Code unfortunately tempts a small minority of our citizenry to deliberately understate the amount of tax they owe to the federal government. The penalty of perjury that attaches to this falsification is necessary to provide added incentive to those persons who might otherwise be tempted to play the odds in favor of undiscovered tax fraud. The perjury penalty must rest, in turn, upon a signed verification of the accuracy of the return.

The court takes no position in this case as to whether the information contained in plaintiffs' return is accurate. Assuming that it is, plaintiffs suffer no harm by attesting to that accuracy. Their failure to do so has impeded the collection of the Internal Revenue, and is the kind of conduct which Congress sought to prevent, or at least diminish, when it enacted § 6702.

For the foregoing reasons, the defendant's motion to dismiss is granted, and the case is dismissed with prejudice.

SO ORDERED.

---

**3.** Those statutory provisions read as follows:
§ 6061. Signing of returns and other documents:
  Except as otherwise provided by sections 6062 and 6063, any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary.

§ 6065. Verification of returns
  Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.