JOHN E. BOMHARDT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bomhardt v. Commissioner
Docket No. 29100-83.
United States Tax Court
T.C. Memo 1984-628; 1984 Tax Ct. Memo LEXIS 39; 49 T.C.M. (CCH) 231; T.C.M. (RIA) 84628; December 5, 1984. John E. Bomhardt, pro se. Mary Corrigan Gorman, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiencies
Sec. 6653(b) [1]
Sec. 6654
1979
$4,221.00
$2,110.50
$33.30
1980
6,331.00
3,165.50
313.00
1981
8,930.00
4,465.00
675.00
*40 There is no genuine issue as to whether or not petitioner received taxable income during the years in question. The only issues are whether the addition to tax for fraud should be sustained and whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT Petitioner was a resident of Maryland at the time he filed his petition herein. Prior to and through the years in issue, he was employed by Westinghouse Electric Corporation. On or about April 12, 1979, petitioner and his spouse filed a joint individual income tax return for 1978. On that return, petitioner reported his wages from Westinghouse Electric Corporation, interest income, and other items of income and deductions. That return reported total tax due of $2,749, all of which was paid through withholding from petitioner's wages. Petitioner did not file income tax returns for 1979, 1980, or 1981. During those years his wages from Westinghouse Electric Corporation and the amounts withheld from those wages were as follows: *41 Year
Wages
Withholding
1979
$18,925.64
$2,729.22
1980
23,833.08
1,149.17
1981
25,178.19
None
On or about December 26, 1980, petitioner submitted to his employer a Form W-4, on which petitioner falsely claimed, under penalties of perjury, that he was exempt from Federal income tax. On or about December 15, 1978, petitioner and his spouse acquired a condominium in Anne Arundel County, Maryland. Petitioner reported rental income and claimed depreciation and other expenses in relation to that condominium on his 1978 tax return. The condominium was sold during 1981. Respondent determined that petitioner had a taxable gain of $4,176 from sale of that condominium. The petition filed herein did not set forth any facts showing that the amounts of taxable income determined by respondent in the notice of deficiency were incorrect. That petition, a motion for summary judgment filed by petitioner, petitioner's response to an order by the Court extending time for him to file a reply to the answer, the reply to the answer, and a notice of written appearance and "notice of jurisdictional defect" filed in this case all set forth frivolous contentions. *42 Petitioner did not appear at trial. Due to petitioner's failure to appear at trial and based upon the prior filings by petitioner demonstrating that he did not intend properly to prosecute the case, at the time of trial the Court determined that the issues with respect to the deficiencies would be decided against petitioner. The trial then proceeded with respect to the additions to tax for fraud, as to which respondent has the burden of proof. Also at trial, respondent filed his Motion to Award Damages Under I.R.C. Sec. 6673. Petitioner thereafter submitted a written response to that motion, but that response shows only his persistence in making frivolous and scurrilous arguments. OPINION The contentions of petitioner set forth in his various filings from the petition through the "notice of jurisdictional defect" are, briefly summarized, that his wages are not taxable because they were the result of an equal exchange of labor for money; that he is not a person required to pay income tax; that the Court does not have jurisdiction; and that he is entitled to a jury trial. He also claims that the Forms 1040 and W-4 prescribed by the Internal *43 Revenue Service violate various statutes and regulations. All of petitioner's contentions have previously been held by this and other courts to be totally without merit and deserving of no further discussion. See, e.g., Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. an unreported decision of this Court; United States v. Moore,692 F.2d 95 (10th Cir. 1979, as amended 10/26/82); Rowlee v. Commissioner,80 T.C. 1111 (1983); Billman v. Commissioner,83 T.C. 534 (1984). Petitioner had the burden of proof with respect to the deficiencies for each year. See Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. When he failed to appear or otherwise proceed properly to prosecute his case, a decision against him on those issues was justified. *44 Rules 123 and 149, Tax Court Rules of Practice and Procedure.
Respondent also determined additions to tax under section 6654. Once the deficiencies were determined, those additions to tax were mandatory absent exceptions not shown to exist in this case. Grosshandler v. Commissioner,75 T.C. 1, 21 (1980). The 50-percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, that an underpayment of tax exists for each year and that some part of such underpayments is due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), *45 affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Failure to file tax returns, without more, is not proof of fraud; such omission may be consistent with a state of mind other than the intention and expectation of defeating the payment of taxes. Stoltzfus v. United States,supra;Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), revg. a Memorandum Opinion of this Court. Failure to file, however, may be considered in connection with other facts in determining *46 whether any deficiency or underpayment of tax is due to fraud. Beaver v. Commissioner,supra at 93. Thus where the failure to file is predicated on totally frivolous arguments and where respondent has shown substantial amounts of unreported income on which withholding has been prevented by the submission of false W-4 certificates, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the imposition of the addition to tax under section 6653(b). See, e.g., Rowlee v. Commissioner,supra at 1123-1126; see also Hebrank v. Commissioner,81 T.C. 640 (1983); Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), on appeal (6th Cir., June 7, 1983); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1983). We reach the same conclusion in this case. Section 6673 as applicable to cases such as this filed after December 31, 1982, or pending in this Court 120 days after July 18, 1984, the date of enactment of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 494, provides: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE *47 THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is privolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Such damages were provided for and have been awarded in cases involving contentions identical to those of petitioner.See e.g., Abrams v. Commissioner,82 T.C. 403 (1984). Review of the record in this case compels the conclusion that we should award damages to the United States in the amount of $5,000. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory referencess are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩