Dennis D. BORGESON and Bonnie L. Borgeson, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 84–1938.

United States Court of Appeals, Tenth Circuit.

Jan. 18, 1985.

---

Dennis D. Borgeson and Bonnie L. Borgeson, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, and Elaine F. Ferris, Attys., Tax Div., Dept. of Justice, Washington, D.C. (Robert N. Miller, U.S. Atty., Denver, Colo., of counsel), for defendant-appellee.

Before BARRETT, SETH and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court granting defendant's motion to dismiss and for summary judgment in plaintiffs' action for refund of taxes brought under 26 U.S.C. § 7422 and 28 U.S.C. §§ 1331, 1340, and 1346(a)(1).

On April 15, 1983, plaintiffs filed their 1982 Form 1040 with the Internal Revenue Service (IRS) seeking a refund of $421. The 1040 contained information sufficient to compute plaintiffs' tax liability and was signed by plaintiffs as married, filing jointly.

Prior to filing the 1040, plaintiffs struck the following language which appears immediately before the signature lines: "Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge."

After the filing of this return, the IRS advised plaintiffs that a return must be signed under penalties of perjury in order for it to be valid. After two attempts to obtain the signed perjury clause, the IRS assessed plaintiffs with a $500 penalty under 26 U.S.C. § 6702 for the filing of a frivolous return.

Plaintiffs alleged that the perjury clause was struck because it is offensive to their religious beliefs and contrary to their rights under the First, Fifth, Ninth, and Tenth Amendments. Plaintiffs stated that their religious beliefs prohibited them from swearing oaths and, thus, could not sign the perjury clause on the Form 1040.

■ The district court correctly determined that under 26 U.S.C. § 7422, no action for refund may be maintained in any court "until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

26 U.S.C. § 6065 sets forth the applicable law with respect to verifications: "[e]xcept as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the Internal Revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." *See* 26 C.F.R. § 1.6065–1(a).

The plain wording of the statute leaves little doubt that a perjury clause must ap-

pear on any "document required to be made" by the Code (unless the Secretary provides otherwise).

The crucial inquiry pertinent to the assessment of the frivolous return penalty under 26 U.S.C. § 6702 is whether the purported return lacks "information on which the substantial correctness of the self-assessment may be judged." The absence of the verification precludes the IRS from judging the "substantial correctness" of the return because the required "information" that the return has been verified under "penalty of perjury" is absent. Therefore, in light of the statute itself and the legislative history, the frivolous return penalty was properly imposed. *Green v. United States*, 593 F.Supp. 1341 (N.D.Ind.1984); *Schneider v. United States*, 594 F.Supp. 611 (E.D.Mich.1984).

■ With regard to plaintiffs' First Amendment free exercise claim, the proper inquiry for review of the district court's grant of summary judgment is whether, considering the nature of plaintiffs' interest and the extent of the governmental intrusion, there exists a compelling governmental interest that would justify requiring plaintiffs to sign the perjury clause. *See Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972).

The requirement of a verification or oath appearing on returns and documents filed with the IRS has been upheld by the Supreme Court on several different occasions, although not in response to a First Amendment challenge. *See Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934); *Lucas v. Pilliod Lumber Co.*, 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829 (1930).

The perjury charge based on a false return has been deemed "one of the principal sanctions available to assure that honest returns are filed." *See Vaira v. Commissioner*, 52 T.C. 986, 1005, *aff'd on this issue, rev'd on other grounds*, 444 F.2d 770 (3d Cir.1971). Certainly, the fact that the absence of the clause renders a tax return a nullity indicates the compelling nature of the governmental interest at

stake. *See Lucas v. Pilliod Lumber Co.*, 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829 (1930). The strength and quality of the governmental interest in the instant case is much like the interest of the state in requiring that a teacher take an oath to support the federal and state constitutions, which was upheld in the face of a religious freedom challenge in *Biklen v. Board of Education*, 333 F.Supp. 902 (N.D.N.Y. 1971), *aff'd*, 406 U.S. 951, 92 S.Ct. 2060, 32 L.Ed.2d 340 (1972).

In light of the foregoing discussion, we affirm the district court on the basis of the compelling governmental interest in requiring the presence and execution of the perjury clause on the income tax return.

■ As to plaintiffs' Fifth Amendment due process claim, the district court correctly determined it to be without merit under settled case law providing that post-enforcement suits for refund provide adequate due process protections. *Alexander v. "Americans United," Inc.*, 416 U.S. 752, 762–63, 94 S.Ct. 2053, 2059–60, 40 L.Ed.2d 518 (1974). Similarly, plaintiffs' generalized Fifth Amendment claim with respect to self-incrimination is not a valid assertion of the privilege which must be made with respect to specific items of information. *United States v. Moore*, 692 F.2d 95, 97 (10th Cir.1979). The district court was equally correct in its conclusion that plaintiffs' Ninth Amendment contention that the word "frivolous" is unconstitutionally vague is unpersuasive. Plaintiffs fail to show the implication of any constitutional problems in the use of the word "frivolous." *See Arnett v. Kennedy*, 416 U.S. 134, 159–163, 94 S.Ct. 1633, 1646–1649, 40 L.Ed.2d 15 (1974).

AFFIRMED. The mandate shall issue forthwith.