787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWIN TARATUTA, AND GENEVIEVE TARATUTA, Plaintiffs-Appellants,
v.
UNITED STATES, Defendant-Appellee.
 84-1654
 United States Court of Appeals, Sixth Circuit.
 3/14/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MILBURN and RYAN, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 These two pro se plaintiffs appeal from a district court judgment granting the government's motion for summary judgment and dismissing plaintiffs' suit seeking a refund of a penalty paid by them for filing a frivolous income tax return for the year 1982.
 
 
 2
 A $500 penalty was assessed against the plaintiffs under 26 U.S.C. Sec. 6702 for filing a purported income tax return which had a portion of the jurat above their names obliterated, specifically the words 'under penalty of perjury.' After paying 15% of the $500 frivolous return penalty assessed against them, the plaintiffs sued to recover a refund of the penalty claiming that their return complied with the law and did not warrant the penalty assessed under 26 U.S.C. Sec. 6702. Plaintiffs maintained that the substantial correctness of their return could be judged; the return and schedules which were prepared by H & R Block were clearly correct; the government accepted and cashed their proferred check; and, for all these reasons, their return was not frivolous within the meaning of 26 U.S.C. Sec. 6702. Without further explanation, plaintiffs also stated that they obliterated the portion of the jurat as a political statement and as an exercise of their free speech guaranteed by the first amendment of the federal constitution. On appeal, in addition to the above arguments, plaintiffs also assert that the summary judgment granted by the district court was improper because it did not resolve the issue of their motive for making the constitutionally guaranteed statement. They also object to their being subject to criminal prosecution for willful failure to file a return.
 
 
 3
 Upon a liberal review of the evidence in the plaintiffs' favor, this Court concludes that summary judgment was properly granted for the government as the plaintiffs failed to show that there existed a genuine issue of any material fact relevant to the government's assessment of the frivolous return penalty under 26 U.S.C. Sec. 6702. See Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir.), cert. denied, 105 S.Ct. 545 (1984); County of Oakland v. City of Berkeley, 742 F.2d 289, 298 (6th Cir. 1984). The prerequisites for the assessment of the penalty under Sec. 6702 were clearly met and the assessment did not offend the plaintiffs' constitutional rights. Mosher v. I.R.S., 775 F.2d 1292 (5th Cir. 1985) (per curiam); Borgeson v. United States, 757 F.2d 1071 (10th Cir. 1985) (per curiam).
 
 
 4
 By obliterating the words 'under penalty of perjury' from the purported return, the plaintiffs refused to certify that the entries on the form and schedules were correct. Under 26 U.S.C. Sec. 6061, the return was required to be signed in accordance with the form and regulations prescribed by the Secretary. Similarly, under 26 U.S.C. Sec. 6065, the return was expressly required to be submitted 'under the penalties of perjury.' Without this certification, despite plaintiffs indicating that the purported return was correct to the best of their knowledge, the plaintiffs' self-assessment of their taxes could not be adjudged substantally correct by the IRS because it was not verified as correct nor was it made subject to a penalty for being incorrect. Mosher v. I.R.S., supra; Borgeson v. United States, supra. Without the verification, the purported return was invalid and not capable of being processed. Id. The government's acceptance of plaintiffs' check does not refute this conclusion. It could still offer the plaintiffs a refund or demand additional taxes after it determines the plaintiffs' correct tax liability. Plaintiffs' conduct was also premised upon a frivolous position as the requirement for a verification or oath on returns and documents filed with the IRS subjecting the taxpayer to penalties of perjury has been expressly upheld by the Supreme Court. See Zellerbach Paper Co. v. Helvering, 293 U.S. 172 (1934); Lucas v. Pilliod Lumber Co., 281 U.S. 245 (1930). Moreover, as already stated, the tax code requires that all purported returns be verified under penalties of perjury and no exceptions to the rule are provided. 26 U.S.C. Sec. 6065.
 
 
 5
 The assessment of the penalty also did not offend the plaintiffs' first amendment right of free speech as the government's interest in maintaining a sound tax system is compelling and outweighs the possibility of infringing anyone's first amendment right to submit an altered tax return form without being subject to an appropriate legal sanction. Mosher v. I.R.S., supra; Borgeson v. United States, supra. Cf. United States v. Lee, 455 U.S. 252, 260 (1982); Berkeley v. Valeo, 424 U.S. 1, 66 (1976).
 
 
 6
 Finally, this Court cannot address the plaintiffs' assertion of fear of being criminally prosecuted for willful failure to file a tax return because the assertion was not made in the district court, Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162, 164-65 (6th Cir. 1985). Moreover, the matter is not yet ripe for adjudication. Brown v. Ferro Corp., 763 F.2d 798, 801-02 (6th Cir.), cert. denied, 106 S.Ct. 344 (1985); Haislah v. Walton, 748 F.2d 359, 360 (6th Cir. 1984).
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.