802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONALD E. PARKINSON, Plaintiff-Appellant
v.
SECRETARY OF TREASURY; COMMISSIONER OF THE IRS; JAMES J.
RYAN; PATRICK J. RUTTLE; DONALD C. MORAGNE,
Defendants-Appellees.
 No. 85-3481.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 1
 BEFORE: KRUPANSKY, NELSON and RYAN, Circuit Judges
 
 ORDER
 
 2
 This matter is before the Court upon consideration of the appellant's appeal from the district court's order granting summary judgment in favor of the United States and dismissing the complaint. The complaint challenged the $500.00 penalty assessed by the Internal Revenue Service against appellant for improperly altering the jurat[1] of his 1982 income tax return and requested the return of the $3,723.00 allegedly paid in 1982 as a tax overpayment. In addition, the appellant seeks declaratory relief and damages to secure due process of law and equal protection. He has brought suit against several government officials. The appellant contends that his letters to the Internal Revenue Service went unanswered and the basis of the $500.00 fine was never explained. He argues that he was denied due process of law because a hearing was not held to determine whether 26 U.S.C. Sec. 6702 was violated.
 
 
 3
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 As stated in the April 22, 1985, district court order, the appellant signed his 1982 income tax return, but he typed in above and below the jurat the following language: "By filling out this form, and/or the attached forms, and/or by signing this form do I waver [sic] any of my rights under the Constitution of the United States of America." The affidavit supporting the government's motion for summary judgment shows that the jurat was also lined out, and the appellant has not effectively rebutted that showing.
 
 
 5
 On May 2, 1983, the Internal Revenue Service assessed a $500.00 penalty against the appellant under 26 U.S.C. Sec. 6702 for filing a frivolous federal income tax return. On May 12, 1983, an Internal Revenue Service employee sent the appellant a letter offering him the opportunity to sign the jurat. He did not execute the jurat, but tendered a check for $75.00 (15% of the $500.00 penalty) and filed a claim for refund of the $500.00 penalty and the $3,723.00 he allegedly overpaid on his 1982 income taxes. The appellant subsequently received notice of disallowance of his claim dated July 12, 1983. The appellant then filed suit in district court on August 12, 1983.
 
 
 6
 The district court found that it was "uncontroverted that the jurat was altered and any alteration of the jurat impedes the administration of the federal income tax laws, the Internal Revenue Service properly rejected it as frivolous and imposed a $500 penalty under 26 U.S.C. Sec. 6702(a)." In addition, the court found that the appellant had no claim for an overpayment of income tax because he had not filed a return verified by a declaration under penalty of perjury. Treas. Reg. Sec. 301.6402-2(b)(1). 26 U.S.C. Sec. 7422(a).
 
 
 7
 The affidavit of Seth G. Heald, Trial Attorney, Tax Division, who has custody of the Internal Revenue Service administrative file states that the attached 1982 return with the jurat lined out "is a true and correct copy of the 1982 federal income tax return filed by the plaintiff with the Internal Revenue Service." The appellant's response to the Heald affidavit was an affidavit in which plaintiff included the statement "that all documents, and exhibits, filed in the above stated action, are either true and accurate copies of the original documents, or are true and accurate copies of my file copies, which are true and accurate copies of the original documents, as sent, or filed, with this Honorable Court, or with the Department of the Treasury-Internal Revenue Service, or with the other named defendants." The district court found that "[t]he disjunctive, ambiguous language of plaintiff's affidavit hardly rises to the level of a countervailing affidavit on the issue of whether plaintiff did strike out the entire jurat on the original return before mailing it to the Internal Revenue Service."
 
 
 8
 Summary judgment was properly granted for the government as the appellant failed to show that there existed a genuine issue of any material fact relevant to the government's assessment of the frivolous return penalty under 26 U.S.C. Sec. 6702. See Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir.), cert. denied, 105 S.Ct. 545 (1984); County of Oakland v. City of Berkley, 742 F.2d 289, 298 (6th Cir. 1984). The prerequisites for the assessment of the penalty under Sec. 6702 were clearly met and the assessment did not offend the appellant's constitutional rights. Mosher v. I.R.S., 775 F.2d 1292 (5th Cir. 1985) (per curiam); Borgeson v. United States, 757 F.2d 1071 (10th Cir. 1985) (per curiam).
 
 
 9
 By obliterating the jurat, the appellant refused to certify that the tax form was correct. Under 26 U.S.C. Sec. 6061, the return was required to be signed in accordance with the form and regulations prescribed by the Secretary. The requirement for a verification or oath on returns and documents filed with the Internal Revenue Service subjecting the taxpayer to penalties of perjury has been expressly upheld by the Supreme Court. See Zellerbach Paper Co. v. Helvering, 293 U.S. 172 (1934). The tax code requires that all purported returns be verified under penalties of perjury and exceptions to the rule are not provided. 26 U.S.C. Sec. 6065.
 
 
 10
 It is, therefore, ORDERED that the district court's judgment is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 The jurat in the signature space of a tax return provides as follows: "Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge."