ROBERT G. LOUDON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Loudon v. Commissioner
Docket No. 26022-91
United States Tax Court
T.C. Memo 1993-36; 1993 Tax Ct. Memo LEXIS 45; 65 T.C.M. (CCH) 1830; February 1, 1993, Filed *45 Decision will be entered for respondent. Robert G. Loudon, pro se. For Respondent: Martha J. Shafor. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and under Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined the following income tax deficiencies and additions to tax: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 767
$ 191.75
$ 38.35
50% of the
interest due
on $ 767
1987
472
118.00
23.60
50% of the
interest due
on $ 472
Respondent determined that payments in the amounts of $ 9,339 and $ 8,067 received by petitioner from Memphis State University in the years 1986 and 1987, respectively, were includable in gross income for those years. In his petition, petitioner alleged that the payments were excludable from income as scholarships under section 117. In a case involving a prior year, this Court held that payments to petitioner, *46 a teaching assistant from Memphis State University, were not excludable under section 117. See Loudon v. Commissioner, T.C. Memo. 1988-145, affd. 869 F.2d 1491 (6th Cir. 1989). At the trial in the instant case, petitioner conceded that the payments received by him from Memphis State University during 1986 and 1987 are not excludable from income under section 117. The remaining issues are: (1) Whether the years 1986 and 1987 are barred by the statute of limitations under section 6501; (2) whether petitioner is liable for additions to tax in 1986 and 1987 under section 6651(a)(1) for failure to file timely returns; and (3) whether petitioner is liable for additions to tax under section 6653(a)(1)(A) and (B) in 1986 and 1987. Petitioner was a resident of Memphis, Tennessee, at the time the petition herein was filed. Petitioner argues that the years 1986 and 1987 are barred by the statute of limitations pursuant to section 6501. The notices of deficiency for the taxable years 1986 and 1987 were both issued by respondent on August 5, 1991. Respondent contends that petitioner failed to file income tax returns for the years *47 1986 and 1987 and that, consequently, the tax for those years may be assessed at any time. Section 6501(a) generally provides that an income tax tax must be assessed within 3 years after the return was filed. However, section 6501(c)(3) provides that if no return is filed, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. An Internal Revenue Service certificate of lack of record dated June 12, 1992, which is in evidence, indicates that no return was filed by petitioner for the years 1986 and 1987. Petitioner's contention that he did, in fact, file timely returns for both years is unsupported by the record. His testimony in this respect was sketchy and singularly vague. He was unable to produce any evidence of the actual mailing of the purported returns. He offered no evidence concerning the dates of mailing or the circumstances attendant upon the mailing. On this record, we are unable to find that petitioner filed the appropriate returns for the years 1986 and 1987. Moreover, it is established that the filing of an invalid return does not start the running of the statute of limitations. Richardson v. Commissioner, 72 T.C. 818, 823 (1979). *48 Here, it appears from petitioner's testimony that any returns purportedly filed by petitioner would have omitted the declaration that the returns were signed under penalty of perjury. This was consistent with petitioner's admitted practice in filing tax returns for prior years. Under section 6065 such a declaration is a requisite of a valid return. A modification of this nature renders a return invalid and results in a failure to file. Cupp v. Commissioner, 65 T.C. 68, 78-79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); see Schroeder v. Commissioner, T.C. Memo. 1986-467. The compelling governmental interest for proper verification of returns justifies requiring a taxpayer to sign the perjury clause, notwithstanding First Amendment free exercise claims. Borgeson v. United States, 757 F.2d 1071 (10th Cir. 1985). We find that petitioner failed to file returns for the taxable years 1986 and 1987. Consequently, the statute of limitations is not a bar to any deficiencies or additions to tax in this case. Section 6651(a)(1) imposes an addition *49 to tax for failure to file a timely return unless the taxpayer shows that such failure is due to reasonable cause and not due to willful neglect. Petitioner has the burden of proof. Rule 142(a). We have found above that petitioner failed to file tax returns for the taxable years 1986 and 1987. Petitioner offered no satisfactory explanation for such failure to file valid returns for the years at issue. Petitioner has failed to meet the requisite burden of proof. On this record, we must conclude that petitioner is liable for the additions to tax under section 6651(a)(1) for failure to file timely returns for the years 1986 and 1987. Section 6653(a)(1)(A) provides that if any part of any underpayment of tax is due to negligence, there shall be added to the tax an amount equal to 5 percent of the amount of the underpayment. Section 6653(a)(1)(B) provides that there shall also be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence. Petitioner has the burden of proof. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). *50 Here, petitioner's failure to file timely tax returns for the years 1986 and 1987 without justifiable reason demonstrates negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. on another issue 898 F.2d 50 (5th Cir. 1990); see also Cupp v. Commissioner, supra at 78. In the absence of any persuasive evidence with respect to this issue, we hold that petitioner is liable for the additions to tax determined by respondent under section 6653(a)(1)(A) and (B) for the taxable years 1986 and 1987. Respondent is sustained. Decision will be entered for respondent.