**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRYL J. GUTIERREZ,

    Defendant - Appellant.

No. 18-2109
(D.C. No. 1:15-CR-03955-JB-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.[**]
_____

Darryl J. Gutierrez, a federal inmate proceeding pro se[1], appeals his conviction

and sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

[1] We construe Mr. Gutierrez's pleadings liberally but we will not act as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## BACKGROUND

In 2017, a jury convicted Mr. Gutierrez of one count of obstructing the administration of tax laws, *see* 26 U.S.C. § 7212(a), and ten counts of filing a false tax return, *see* 26 U.S.C. § 7206(1). The district court judge sentenced Mr. Gutierrez to 33 months' imprisonment and one year of supervised release. Mr. Gutierrez timely filed a notice of appeal and waived his right to counsel.

## DISCUSSION

Mr. Gutierrez lodges several arguments on appeal. Most are frivolous, so we do not address them in detail.[2] *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (recognizing that courts are "not required to expend judicial resources" entertaining frivolous arguments). But Mr. Gutierrez raises four nonfrivolous arguments.

First, Mr. Gutierrez argues that the district court violated his Sixth Amendment right to counsel. At the beginning of the case, the district court appointed counsel to represent Mr. Gutierrez.[3] Mr. Gutierrez remained represented by counsel until after

---

[2] Mr. Gutierrez lodges several typical tax-protestor claims. For example, Mr. Gutierrez argues that the statute of his conviction—26 U.S.C. § 7212(a)—is unenforceable because it lacked proper publication in the Federal Register. He also argues that the United States and the United States of America are not the same entity and that New Mexico Nationals cannot serve as federal jurors because they are not U.S. citizens. We need not "refute these arguments with somber reasoning and copious citation to precedent; to do so might suggest that these arguments have some colorable merit." *United States v. Vance*, 215 F.3d 1338, at *2 n.1 (10th Cir. 2000) (unpublished) (quoting *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984)).

[3] The district court first appointed the Office of the Federal Public Defender to represent Mr. Gutierrez. The court removed the Federal Public Defenders from the

Mr. Gutierrez's sentencing hearing. After sentencing but before entry of judgment, counsel moved to withdraw. As grounds, counsel stated that he had developed a material conflict with Mr. Gutierrez which prevented him from continuing his representation. The district court granted the motion.[4] Mr. Gutierrez did not seek new counsel and elected to proceed pro se on appeal.

Sometime after the court granted counsel's motion to withdraw, it entered two memorandum orders formalizing earlier decisions made before the sentencing hearing.[5] The court then entered the judgment and sentence. Mr. Gutierrez claims that the court's release of defense counsel constitutes a constitutional violation and requires reversal. Op. Br. at 12-13. We disagree.

"The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all 'critical stages' of the criminal process." *Iowa v. Tovar*, 541 U.S. 77, 87 (2004). In this case, we need not decide whether Mr. Gutierrez had a constitutional

---

case after it found that Mr. Gutierrez could afford counsel. Later, the court appointed a different CJA attorney to represent Mr. Gutierrez. This attorney represented Mr. Gutierrez until moving to withdraw after Mr. Gutierrez's sentencing.

[4] The limited amount of evidence available in the record seems to indicate that Mr. Gutierrez agreed with the court's decision to permit his counsel to withdraw. Mr. Gutierrez never sought new counsel before judgment was entered, and Mr. Gutierrez waived his right to counsel on appeal.

[5] The first order dealt with a pre-trial motion filed by Mr. Gutierrez which claimed that the court held no power over him. The court orally denied the motion before trial but told Mr. Gutierrez that it would write an opinion on the matter. The second order concerned jury instructions, admissible evidence, and Mr. Gutierrez's claim that the United States must provide him grand jury transcripts before trial. As before, the court had already ruled on these issues but formalized its decisions in the written order.

right to counsel during the time between sentencing and the entry of the final judgment. Even if we assume that Mr. Gutierrez was entitled to counsel during this period, we would hold that the absence of counsel was harmless.

Harmless-error review applies to Sixth Amendment claims such as this. *United States v. Lott*, 433 F.3d 718, 723 (10th Cir. 2006). On direct appeal, constitutional harmless-error review requires us to consider whether the government "has proved beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Acosta v. Raemisch*, 877 F.3d 918, 933 (10th Cir. 2017) (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)). The government has made this showing.

As the government points out, Mr. Gutierrez had already been convicted and sentenced when his counsel moved to withdraw. After counsel had withdrawn, the district court issued two orders and the final judgment. The orders merely repeated decisions made by the court before and during trial. The final judgment formalized the oral pronouncement made by the court at sentencing. We have no doubt that these filings would not have been altered had Mr. Gutierrez continued to be represented by counsel.

Second, Mr. Gutierrez claims that the government failed to prove an essential element of § 7212(a). Specifically, he claims that the government failed to prove that during the Internal Revenue Service (IRS) investigation, he had used or threatened to use physical force against any agent or employee of the United States. But the use of force was not an element of the charged crime.

A jury convicted Mr. Gutierrez of violating 26 U.S.C. § 7212(a). As one element of that crime, the government must prove that the defendant did "corruptly or by force or threats of force . . . obstruct or impede[]" the administration of Title 26 of the United States Code. Thus, the government can secure a conviction by proving that the defendant acted in one of three different ways: (1) by acting corruptly, (2) by using force, or (3) by threatening force. *See United States v. Valenti*, 121 F.3d 327, 330-331 (7th Cir. 1997) (detailing how the statute can be violated in multiple ways); *United States v. Bostian*, 59 F.3d 474, 477 (4th Cir. 1995) (same).

In its indictment, the grand jury charged that Mr. Gutierrez had "corruptly endeavor[ed] to obstruct and impede the due administration of the internal revenue laws." R. vol. I at 15. And the court instructed the jury that in order to convict Mr. Gutierrez under § 7212 it had to find that Mr. Gutierrez acted "corruptly" to "obstruct or impede the due administration of the internal revenue laws as charged." R. vol. II at 258. So contrary to Mr. Gutierrez's claim, the government was not required to prove that Mr. Gutierrez used, or threatened to use, force.

Third, Mr. Gutierrez argues that IRS agents violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). In support, Mr. Gutierrez alleges that IRS agents failed to read him his *Miranda* rights when he was "arrested, handcuffed, transported, booked, questioned, arraigned and released." Op. Br. at 24. But Mr. Gutierrez did not raise this argument below, meaning we review the issue for plain error.

Under plain-error review, Mr. Gutierrez must show the following four things: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4)

5

seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mendoza*, 698 F.3d 1303, 1309 (10th Cir. 2012). We need not address the first two prongs of the plain-error test because Mr. Gutierrez has failed to demonstrate that any potential error affected his substantial rights. *See United States v. Gallegos*, 784 F.3d 1356, 1362-63 (10th Cir. 2015) (declining to address the first and second prong of the plain-error test when defendant failed to satisfy the third and fourth prongs).

To demonstrate that an error affects his substantial rights, Mr. Gutierrez must show that "but for the error claimed, the result of the proceeding would have been different." *Mendoza*, 698 F.3d at 1310. Mr. Gutierrez has not made this showing. Nowhere in Mr. Gutierrez's brief does he point us to any statements obtained in violation of *Miranda* that were used to secure his conviction. Thus, even if we assumed a *Miranda* violation, Mr. Gutierrez has provided us with no record evidence demonstrating that this claimed error affected his substantial rights. Accordingly, Mr. Gutierrez has failed to satisfy the plain-error standard of review.

Fourth, Mr. Gutierrez claims that the district court erred by imposing a supervised release condition that requires him to file an income tax return. According to Mr. Gutierrez, such a requirement violates his right against self-incrimination protected by the Fifth Amendment. Once again, Mr. Gutierrez did not advance this argument below and, accordingly, our review is for plain error.

Here, Mr. Gutierrez fails at the first step of the plain-error analysis. He cannot show error let alone error that is plain. This court has already rejected the argument

6

that requiring a citizen to file a tax return violates the Fifth Amendment. *United States v. Moore*, 692 F.2d 95, 97 (10th Cir. 1979) (rejecting the claim that the Fifth Amendment provides a defense against failing to file a tax return) (citing *United States v. Sullivan*, 274 U.S. 259 (1927)). Accordingly, we conclude that the district court did not err when it imposed a condition of supervised release requiring Mr. Gutierrez to submit federal income tax returns.

## CONCLUSION

Having thoroughly reviewed Mr. Gutierrez's briefs, the government's brief, and the record in this case, we reject all of Mr. Gutierrez's arguments on appeal. Accordingly, we affirm Mr. Gutierrez's conviction and sentence.

Entered for the Court

Gregory A. Phillips
Circuit Judge

7