**In re Edwin Campbell Lee SCHMITT, Debtor.**

**Edwin Campbell Lee SCHMITT, Plaintiff,**

v.

**UNITED STATES of America, (INTERNAL REVENUE SERVICE), Defendant.**

**Bankruptcy No. 90–5144–BH. Adv. No. 91–224.**

United States Bankruptcy Court, W.D. Oklahoma.

June 4, 1992.

Patrick Sampair, of MacPherson & McCarville, P.A., Phoenix, Ariz., for debtor/plaintiff.

Dennis M. Duffy, of the U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Chief Judge.

This dispute arises over debtor's request to discharge his federal income tax liability for several tax years. While the parties have raised numerous issues we reach only the first question, which is of first impression in this court—whether an addition to the jurat clause on an income tax form renders the form invalid as a tax return? The facts are not in dispute.

Debtor/plaintiff, a tax protestor, was convicted of willfully failing to file income tax returns, pursuant to 26 U.S.C. § 7203. Debtor apparently contends that wages are not income, but an even exchange for services.

As required by the judgment and probation commitment order, Debtor submitted a form 1040 for those tax years in which he had failed to file. These returns contained financial information necessary to compute a tax. Debtor signed the returns, except for one tax year.

As a closing retort, debtor filed returns containing a statement at the end of the jurat clause. This statement reads "SIGNED UNDER DURESS, SEE STATEMENT ATTACHED." The attached statement read:

"This return is signed under duress. I do not concede that my wages are taxable income under the law, however, I am acquiescing to the power of the State and I am filing this Return per the instructions of the I.R.S."

The I.R.S. deemed these documents to be frivolous and refused to accept them as returns.

Debtor then filed a complaint to determine his tax liability in the United States Tax Court. Debtor and the I.R.S. entered into a settlement of this suit. The tax court entered the settlement as a judgment. The settlement assessed deficiencies against debtor for all the tax years for which he had been convicted of willful failure to file. The settlement included an assessment of penalties for fraudulent failure to file under 26 U.S.C. § 6653(b) for three of the tax years.

Debtor filed his Chapter 7 petition a year and a half after this settlement. He was granted a general discharge three months later and the case was subsequently closed.

Four months after closure of the case, debtor filed this complaint seeking to determine the dischargeability of the debts owed to the I.R.S. for all the tax years covered under the settlement in the judgment entered by the tax court.

## CONCLUSIONS OF LAW

I.R.S. argues that it is entitled to summary judgment as a matter of law under these facts. It contends that under the law, debtor never filed a return, as determined by 26 U.S.C. § 6065, and therefore the debts are not dischargeable, pursuant to 11 U.S.C. § 523(a)(1)(B)(i). The I.R.S. argues that the statement added to the return qualified the jurat rendering it ineffective and, therefore, no return has been filed, pursuant to 26 U.S.C. § 6065, as interpreted by the Court of Appeals in

*Borgeson v. United States*, 757 F.2d 1071 (10th Cir.1985).

I agree with defendant's argument. Our income tax system is voluntary and the Internal Revenue Service must perforce rely on the self assessment of the taxpayer. The tax code therefore, includes §§ 6061 and 6065 which courts have interpreted to require execution of an unqualified jurat clause, the taxpayer's assurance that the figures supplied are true to the best of his or her knowledge, and numbers sufficient to compute a tax. *See Borgeson v. United States*, 757 F.2d 1071 (10th Cir. 1985); *United States v. Stillhammer*, 706 F.2d 1072 (10th Cir.1983); *United States v. Porth*, 426 F.2d 519 (10th Cir.1970); *Ted Kimball v. United States*, 925 F.2d 356 (9th Cir.1991); *United States v. Moore*, 627 F.2d 830 (7th Cir.1980).

Debtor's addition to the jurat clause, although seemingly innocuous, forces the Internal Revenue Service to evaluate the jurat, under the tests imposed in the circuit concerned, to determine if the jurat has been qualified and is, therefore, defective and invalid. I agree with the Court of Appeals for the Seventh Circuit that the Internal Revenue Service should not be required to undertake this analysis. *United States v. Moore*, 627 F.2d 830, 835 (7th Cir.1980). Such an effort comes at the expense of all other taxpayers who file in good faith and who do not alter the jurat.

Bright line rules should be applied sparingly, but this situation requires just such a rule. I find that the jurat clause has been qualified if any addition or deletion is made to it.

For the above reasons, I find that under the law, debtor qualified the jurat clause on the forms he filed with the I.R.S. making them ineffective as returns. *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180, 55 S.Ct. 127, 130, 79 L.Ed. 264 (1934); *Borgeson v. U.S.*, 757 F.2d 1071 (10th Cir. 1985). Therefore, pursuant to 11 U.S.C. § 523(a)(1)(B)(i) the tax and associated interest owed by debtor for tax years 1979—1985 is excepted from his discharge.

Accordingly, defendant's motion for summary judgment is granted and judgment will be entered in its favor.