In re Pauline Michelle CARROLL,
Debtor.

Pauline Smeby Carroll, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 97–40519.
Adversary No. 03–4348.

United States Bankruptcy Court,
D. Minnesota.

June 9, 2004.

Habbo G. Fokkena, Minneapolis, MN, United States Trustee.

Joseph A. Wentzell, St. Anthony, MN, for Plaintiff.

Gregory Van Hoey, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

ROBERT J. KRESSEL, Bankruptcy Judge.

This proceeding came on for hearing on June 2, 2004 on the motion of the defendant United States of America. Joseph A. Wentzell appeared for the plaintiff and Gregory Van Hoey appeared for the defendant.

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and Local Rule 1070–1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

## FACTS

Carroll failed to file a federal income tax return for 1988 on or before April 15, 1989, when the return was due. She also failed to file a federal income tax return for 1989 on or before April 15, 1990, when it was due. She never requested extensions of time to file the federal income tax returns for 1988 or 1989.

On March 16, 1992, the IRS prepared substitutes for Carroll's 1988 and 1989 federal income tax returns pursuant to 26 U.S.C. § 6020(b). On May 29, 1992, the IRS issued statutory notices of deficiency amounting to $14,887.55 for the taxable years 1988 and 1989. Carroll received the statutory notices of deficiency for 1988 and 1989 from the IRS.

On August 31, 1992, Carroll filed a petition with the United States Tax Court contesting the statutory notices of deficiency for 1988 and 1989. On September 3, 1992, Carroll was convicted of six felony counts of attempting to evade or failing to pay Minnesota state income taxes. On October 1, 1992, as a condition of staying the imposition of felony sentences, the Anoka County District Court ordered Carroll to file, within ninety days, complete federal tax returns, including her social security number, for the years 1982 through 1991.

On September 1, 1993, the IRS's Kansas City Service Center received 1988 and 1989 Forms 1040A, dated August 28, 1993, purporting to be Carroll's federal income tax returns for 1988 and 1989. These forms filed by Carroll listed "surrendered" in the box labeled "Your Social Security

No." [1] The forms filed by Carroll were signed "Citizen Pauline Carroll, without prejudice & under duress." Although the forms were completed mostly in Carroll's cursive writing, she printed her name rather than signing it with a cursive signature.

On September 8, 1993, Carroll sent a "Directive to the Department of Treasury Secretary of the Treasury Lloyd Bentsen" claiming that she had no social security account or number, and that she was not a resident or (and) citizen of the United States, nor a resident of Minnesota. She also stated in the directive that any State or Federal Tax returns that may have been served by her or the Tennant Company had been done due to undue influence, the withholding of material facts, the threat of incarceration, and by use of constructive fraud which caused her to act against her will and her right to her private property.

Carroll contested the statutory notices of deficiency for 1988 and 1989 at a trial before the United States Tax Court in September 1993. At the trial, the court received into evidence the 1988 and 1989 Forms 1040A submitted by Carroll to the IRS. At trial, Carroll stated that she filed the 1988 and 1989 Forms 1040A with the IRS only under threat by the state district court. On January 19, 1994, the United States Tax Court entered its decision. The court concluded that Carroll was liable for the 1988 and 1989 tax deficiencies, and for the statutorily-imposed additions to the deficiencies for each of the years she failed to pay the tax. The decision became final on April 19, 1994.

On February 4, 1994, Carroll issued a "Notice of Want of Jurisdiction" and "Objection to C.I.R. Claims and Jurisdiction to Move the Tax Court for a Ruling Against

the Private Property of the Petitioner." On March 24, 1994, Carroll, responding to a notice of intent to levy, sent the IRS a thirty-nine-page document with various IRS notices attached to it, claiming it to be "Unauthorized." On June 10, 1994, the IRS assessed the deficiencies and penalties determined by the United States Tax Court against Carroll.

On August 10, 1994, the IRS filed a notice of federal tax lien relating to Carroll's 1988 and 1989 federal income tax liabilities in Anoka County, Minnesota. On August 11, 1994, the IRS filed a notice of federal tax lien relating to Carroll's 1988 and 1989 federal income tax liabilities in Hennepin County, Minnesota.

On March 29, 1995, Carroll filed a Chapter 13 bankruptcy petition in this court. On June 1, 1995, the bankruptcy court denied confirmation of Carroll's proposed plan and dismissed her Chapter 13 case. On June 12, 1995, Carroll appealed the order denying her the confirmation of her proposed plan and dismissing her Chapter 13 case. On November 20, 1995, the United States District Court for the District of Minnesota affirmed the June 1, 1995 bankruptcy court order denying confirmation of Carroll's proposed plan and dismissing her Chapter 13 case. Carroll appealed the district court's decision to the United States Court of Appeals for the Eighth Circuit, which affirmed the district court.

On January 23, 1997, Carroll filed a Chapter 7 bankruptcy petition in this court. On April 29, 1997, the bankruptcy court entered an order of discharge. After the entry of the order of discharge, the IRS abated the penalties for 1988 and 1989 assessed against Carroll pursuant to the Tax Court's decision, apparently conclud-

---

1. Carroll's social security number did, however, appear on the Forms W–2 attached to Forms 1040A.

ing that they were discharged. No adversary proceeding or other action was brought in connection with Carroll's Chapter 7 bankruptcy case seeking a determination of the dischargeability of Carroll's federal income tax debts for 1988 or 1989.

On April 15, 2002, the IRS applied a tax refund overpayment credit of $2,403 for the year 2001 to Carroll's unpaid 1988 federal income tax liabilities. On April 15, 2003, the IRS applied a tax refund overpayment credit of $2,506 for the year 2002 to Carroll's unpaid 1988 federal income tax liabilities.

Instead of filing a dischargeability complaint in the bankruptcy court, on June 25, 2003 Carroll filed a complaint in the United States District Court for the District of Minnesota. The complaint requested that the court: (1) quiet title to Carroll's property by determining that certain federal tax liens were invalid and ordering their release; (2) enjoin further efforts by the IRS to collect Carroll's 1988 and 1989 individual income tax liabilities; and (3) to allow Carroll to recover damages for wrongful IRS collection efforts after a discharge in bankruptcy in violation of Bankruptcy Code 11 U.S.C. § 524(a)(2). On September 8, 2003, the United States filed an answer resisting all of Carroll's claims.

On October 31, 2003, on the stipulation of the parties, the district court referred the case to this court. The United States now moves for summary judgment. The United States argues that I.R.C. § 7421(a), often referred to as the "Anti–Injunction Act," prohibits Carroll's action for mandamus relief. The United States also argues that Carroll is not entitled to a quieting of title on her property under 28 U.S.C. § 2410(a), and that she is not entitled to damages under I.R.C. § 7433(e) because her 1988 and 1989 income tax liabilities

were not discharged in her Chapter 7 bankruptcy case. Finally, the United States argues that pursuant to 11 U.S.C. § 523(a)(1)(B)(i), Carroll's income tax debts are nondischargeable.

## DISCUSSION

### SUMMARY JUDGMENT

Summary judgment as set forth in Rule 56(c)[2] is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if it has a real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir.1992) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The court is required to view all evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in the pleadings. *Trnka v. Elanco Prod. Co.,* 709 F.2d 1223, 1225 (8th Cir.1983).

#### Burden of the Moving Party

Procedurally, the movant has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record which show a lack of genuine issue. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. The moving party

---

**2.** Applicable here by Fed. R. Bank. P. 7056.

must show the court that there is an absence of evidence to substantiate the non-moving party's case. *Id.* at 325, 106 S.Ct. 2548. The movant discharges its burden by asserting that the record does not contain a triable issue and identifying that part of the record which supports the moving party's assertion. *City of Mt. Pleasant, Iowa v. Ass'n Elec. Coop.*, 838 F.2d 268, 273 (8th Cir.1988).

### Burden of the Non–Moving Party

When the moving party has carried its burden under Rule 56(c), the burden of production shifts to the non-moving party, and it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. The non-moving party must go beyond the pleadings and by its own affidavits, depositions, answers to interrogatories, and admissions on file, establish that there are specific and genuine issues of material fact that warrant a trial. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. The non-moving party must establish specific significant probative evidence supporting its case. *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir.1990). If the evidence presented is merely colorable or is not significantly probative, the non-moving party has not carried its burden and the court must grant summary judgment to the moving party. *See* Fed.R.Civ.P. 56(e).

## DISCHARGEABILITY OF CARROLL'S TAX DEBTS

■ 11 U.S.C. § 523(a)(1)(B)(i) excepts from discharge under § 727 any debt for a tax with respect to which a return, if required, was not filed. Neither the Internal Revenue Code nor the Bankruptcy Code defines the term "return." Many courts, however, have adopted the four-part test from *Beard v. Commissioner*, 82

T.C. 766, 1984 WL 15573 (1984), *aff'd*, 793 F.2d 139 (6th Cir.1986), to determine whether a document filed with the IRS constitutes a return under § 523. *See Moroney v. U.S. (In re Moroney)*, 352 F.3d 902, 905 (4th Cir.2003); *U.S. v. Hatton (In re Hatton)*, 220 F.3d 1057, 1060–61 (9th Cir.2000); *U.S. v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1033–34 (6th Cir. 1999). Under *Beard*, a document is a return if it: (1) purports to be a return; (2) is executed under penalty of perjury; (3) contains sufficient data to allow computation of the tax; and (4) represents an honest and reasonable attempt to satisfy the requirements of the tax law. *In re Hindenlang*, 164 F.3d at 1033.

■ Substitutes for returns prepared by the IRS under I.R.C. § 6020(b) without the debtor's verified signature do not qualify as returns under 11 U.S.C. § 523(a)(1)(B)(i). *Bergstrom v. U.S. (In re Bergstrom)*, 949 F.2d 341, 343 (10th Cir. 1991); *Pierce v. U.S. (In re Pierce)*, 184 B.R. 338, 342 (Bankr.N.D.Iowa 1995); *Eastwood v. Dep't of the Treasury (In re Eastwood)*, 164 B.R. 989, 991 (Bankr. E.D.Ark.1994); *Swanson v. Comm'r*, 121 T.C. 111, 122–25, 2003 WL 22020782 (2003). While the 1040A forms filed by Carroll purport to be returns, the second prong of the *Beard* test requires that a tax form be signed under penalty of perjury to qualify as a return. The Internal Revenue Code requires the execution of an unqualified jurat, or declaration. *In re Pierce*, 184 B.R. at 342. This requirement originates from I.R.C. §§ 6061 and 6065, which requires individuals to sign federal income tax returns and verify by written declaration that the return is made under penalty of perjury. *Hettig v. U.S.* 845 F.2d 794, 795 (8th Cir.1988); *In re Pierce*, 184 B.R. at 342. Any addition or deletion from this declaration qualifies it and renders it ineffective. *In re Pierce*, 184 B.R. at 342

(citing *Schmitt v. U.S. (In re Schmitt)*, 140 B.R. 571, 572 (Bankr.W.D.Okla.1992)). Documents which are not verified are not considered tax returns under the Internal Revenue Code. *U.S. v. Moore*, 627 F.2d 830, 834 (7th Cir.1980) *cert. denied*, 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). Thus, an altered jurat on a tax return makes the return ineffective and the tax nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i). *In re Schmitt*, 140 B.R. at 572.

■ Under the foregoing, a return is considered valid if the taxpayer signs the return verifying the information contained therein under penalty of perjury and the return is properly filed with the IRS. Neither the substitutes for returns prepared by the IRS on March 16, 1992 for Carroll's 1988 and 1989 federal tax liabilities, nor the 1988 and 1989 1040A forms filed by Carroll are returns under § 523(a)(1)(B)(i). First, Carroll did not sign the substitutes for returns prepared by the IRS at all. Second, on her 1988 and 1989 1040A Forms, the declaration that the return is made under penalty of perjury was altered by Carroll when she added the words "without prejudice and under duress." An altered jurat on a tax return makes the return ineffective and the tax nondischargeable under § 523(a)(1)(B)(i). *See In re Schmitt*, 140 B.R. at 572. This is clearly the result intended by Carroll. While other parts of her returns are completed in Carroll's cursive handwriting, she printed her name on the signature line of her return. While a person's printed name certainly can constitute a signature, in this case it is further evidence of the debtor's intention to avoid the legal requirements of a legitimate tax return.

Since Carroll failed to file a tax return for her 1988 and 1989 tax years, her tax liability for those years is excepted from her discharge.

## CONCLUSION

Since all counts of Carroll's complaint are based on the assumption that her tax debts were discharged, her complaint must fail in all respects. Other defenses raised by the United States are moot.

## ORDER

THEREFORE, IT IS ORDERED that:

1. The defendant's motion for summary judgment is granted.

2. The plaintiff's request to quiet title is denied.

3. The plaintiff's request for injunctive relief is denied.

4. The plaintiff shall recover nothing from the defendant on her complaint.

LET JUDGMENT BE ENTERED ACCORDINGLY.